IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL MacARTHUR WILSON, ) | |
| AIS #00260779, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:19-00957-KD-N |
| ) | |
| JOHN CROW, *Warden*, ) | |
| *Easterling Correctional Facility*, ) | |
|     Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner Daniel MacArthur Wilson, an Alabama prisoner proceeding without counsel (*pro se*), initiated his action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 certified as delivered to prison officials for mailing on November 2, 2019 (Doc. 1), and separate supporting memorandum (Doc. 12), challenging various criminal judgments entered against him by the Circuit Court of Baldwin County, Alabama.[1] The assigned District Judge has referred the petition to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (11/13/2019 electronic reference). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

---

[1] Because Wilson challenges criminal judgments handed down by a state court within this judicial district, *see* 28 U.S.C. § 81(c), this Court has jurisdiction to entertain his habeas petition. *See* 28 U.S.C. § 2241(d).

After conducting preliminary review of the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, the undersigned ordered that the petition be served on the Respondent for an answer under Rule 5 of the Rules Governing Section 2254 Cases, or some other appropriate response (*see* Doc. 16). As ordered, the Respondent, through the Office of the Attorney General of the State of Alabama, timely filed and served an Answer (Doc. 22) asserting that the petition is due to be dismissed with prejudice as procedurally defaulted. Having reviewed the petition and the answer, including attached records from the state court proceedings, the undersigned agrees with the Respondent that the petition is due to be dismissed because Wilson has not exhausted his state court remedies prior to filing the present habeas petition. However, the undersigned disagrees that the petition is procedurally barred, since Wilson might still be able to exhaust his claims in state court. Accordingly, the undersigned will recommend that Wilson's habeas petition be **DISMISSED without prejudice** for failure to exhaust his state court remedies.[2]

---

[2] Following a 2019 amendment, Rule 5(e) of the Rules Governing Section 2254 Cases in the United States District Courts now states that "[t]he petitioner may file a reply to the respondent's answer or other pleading[,]" and that "[t]he judge must set the time to file unless the time is already set by local rule." The 2019 amendment was intended to make clear that a petitioner "has a right to file a reply" to a respondent's response, and that a court has no discretion to forego permitting such a reply before dismissing a habeas petition. *See* Rule 5(e) of the Rules Governing Section 2254 Cases in the United States District Courts advisory committee's note to 2019 amendment.

As will be explained herein, the window for Wilson to exhaust his state court remedies is quickly closing, and setting a formal reply deadline prior to the issuance of this recommendation will cause further delay. However, as will also be explained herein, Wilson will have an opportunity to serve objections to this recommendation

### I.   *Background*

In Baldwin County Circuit Court Case No. CC-14-1884 ("the 2014 Case"), Wilson pled guilty to a charge of second degree burglary and was sentenced on June 18, 2015, to fifteen years in prison, with the sentence split to serve a year and a day in prison followed by 3 years of probation. (*See* Docs. 22-1, 22-2, 22-3 [Respondent's Exs. A, B, & C]). In Baldwin County Circuit Court Case No. CC-17-982 ("the 2017 Case"), Wilson pled guilty to a charge of unlawful possession of a controlled substance and was sentenced on August 9, 2017, to 97 months in prison, with the sentence split to serve a year and a day followed by 3 years of probation. (*See* Docs. 22-6, 22-7 [Respondent's Exs. F, G]). That same day, Wilson's probation was revoked in the 2014 Case, and he was sentenced to a year and a day in prison followed by 3 years of probation. (*See* Doc. 22-5 [Respondent's Ex. 5]). His sentence in the 2017 Case was ordered to run concurrent with his revocation sentence in the 2014 Case. (*See* Doc. 22-7, PageID.128). In August 2019, Wilson's probation was revoked in both the 2014 Case and the 2017 Case, and he was sentenced to serve the balance of his original sentences of imprisonment, with said sentences to run concurrently. (*See* Doc. 22-8 [Respondent's Ex. H]). Wilson gave notice of appeal of the August 2019 revocation, and he was appointed appellate counsel. (*See id.*).

On August 27, 2019, Wilson filed a *pro se* handwritten document with the Alabama Court of Criminal Appeals (Doc. 22-1 [Respondent's Ex. K], which that court treated as a petition for a writ of mandamus challenging the August 2019

---

before the Court acts on his petition, thus functionally satisfying the purpose of Rule 5(e).

revocation order, and opened Court of Criminal Appeals Case No. CR-18-1212. (*See* Docs. 22-12, 22-13 [Respondent's Exs. L & M]). On December 19, 2019, the Court of Criminal Appeals issued an order striking the *pro se* mandamus petition for failure to comply with Alabama Rule of Appellate Procedure 25A(a)'s requirement that a filing be signed by at least one attorney of record for a counseled party. (*See* Doc. 22-13). Wilson's application for rehearing of that order was overruled by the Court of Criminal Appeals on January 2, 2020 (see Doc. 22-15 [Respondent's Ex. O]).[3]

During the pendency of Wilson's *pro se* mandamus proceedings, in Baldwin County Circuit Court Case No. CC-18-062 ("the 2018 Case"), Wilson pled guilty to a charge of second degree burglary and was sentenced on October 9, 2019, to 5 years in prison, with that sentence to run concurrently with the August 2019 revocation sentences in the 2014 Case and the 2017 Case. (*See* Docs. 22-9, 22-10 [Respondent's Exs. I & J]). No appeal was taken of that judgment.

In his appeal of his August 2019 revocation (Court of Criminal Appeals Case No. CR-18-1243), in October 2019, the Court of Criminal Appeals, noting written correspondence received from Wilson regarding that appeal, and his *pro se* mandamus proceedings in Case No. CR-18-1812, directed Wilson to clarify in writing whether he also wished to waive his right to appointed counsel and proceed pro se in his appeal in Case No. CR-18-1243. (See Docs. 22-19, 22-20 [Respondent's Exs. S & T]). In response, both Wilson, acting *pro se*, and his appointed appellate

---

[3] On January 23, 2020, Wilson filed a petition for a writ of certiorari with the Alabama Supreme Court (Case No. 1190346) (see Doc. 22-16 [Respondent's Ex. P]), which struck the petition as "prematurely filed" by order issued February 27, 2020. (*See* Doc. 22-17 [Respondent's Ex. Q]).

counsel moved to voluntarily dismiss Wilson's appeal in Case No. CR-18-1243 (*see* Docs. 22-21, 22-22 [Respondent's Exs. U & V]); the Court of Criminal Appeals granted dismissal on October 25, 2019, and issued judgment that same day. (*See* Docs. 22-24, 22-25 [Respondent's Exs. X & Y]).

Neither Wilson's petition nor the Respondent's answer indicates that Wilson instituted any collateral review proceedings challenging the above criminal judgments prior to filing the present habeas petition on November 2, 2019, the date he certifies under penalty of perjury it was delivered to prison officials for mailing. *See* (Doc. 1, PageID.13); *Taylor v. Williams*, 528 F.3d 847, 849 n.3 (11th Cir. 2008) ("Under the federal 'mailbox rule,' a *pro se* federal habeas petition is deemed to be filed on the date it is delivered to prison authorities for mailing.").

## II.   *Analysis*

### A.   **Request for Entry of Default**

Under Rule 4 of the Rules Governing Section 2254 Cases, "in every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved." In its initial June 11, 2020 order directing service of the petition on the Respondent and ordering an answer within 30 days of service, the Court incorrectly named "Karla Jones" as the Respondent in this action and attempted to serve that individual by mail at Easterling Correctional Facility, the facility where Wilson has been incarcerated at all times during the pendency of this case. (*See* Doc. 13). After that mailing was returned as "not deliverable as addressed" (*see* Doc. 15), the Court realized its error

and issued an amended order on July 29, 2020, correctly naming John Crow, the current warden of Easterling Correctional,[4] as the Respondent, and directing that he be served with the petition and serve an answer within 30 days. (*See* Doc. 16). Crow was served with the petition on August 3, 2020 (Doc. 20), and he timely served his answer within 30 days as directed.

In three filings submitted after entry of the amended service order (Docs. 18, 21, 23), Wilson appears to argue that the Respondent was on sufficient notice of his habeas petition when the Court ordered service on "Karla Jones" in its June 11, 2020 order, and that the 30-day period to answer should have run from the date of that order. Therefore, he claims, the Respondent should be found in default, and his petition should be granted by default judgment. However, Rule 4 of the Rules Governing Section 2254 Cases makes clear that "the respondent" – that is, the proper "respondent," in this case Crow[5] – is entitled to service of the habeas petition and any related order, and Rule 5(a) of the Rules Governing Section 2254 Cases in the United States District Courts is clear that "[t]he respondent" – again, Crow – "is

---

[4] *See* http://www.doc.state.al.us/FacAddr (last visited Sept. 3, 2020).

[5] *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."); *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].' 28 U.S.C. § 2242; see also § 2243 ('The writ, or order to show cause shall be directed to the person having custody of the person detained'). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court.").

not required to answer the petition unless a judge so orders." Because Crow, the proper "respondent" in this action, answered the petition within the time directed by the Court after his receipt of service, Wilson's requests for entry of default and a default judgment are due to be **DENIED**.

### B.   Failure to Exhaust

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. The exhaustion doctrine, first announced in *Ex parte Royall,* 117 U.S. 241, 6 S. Ct. 734, 29 L. Ed. 868 (1886), is now codified at 28 U.S.C. § 2254(b)(1)…" *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).[6] "Section 2254(c) provides that a habeas petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented.' … Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues

---

[6] Section 2254 provides that, generally, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that…the applicant has exhausted the remedies available in the courts of the State…" 28 U.S.C. § 2254(b)(1)(A). Though this exhaustion requirement may be excused "if there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant[,]" *see id*. § 2254(b)(1)(B)(i)-(ii), nothing in the record supports a determination that those exceptions apply in this case.

by invoking one complete round of the State's established appellate review process." *Id*. at 844-45. Moreover, "federal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, **if it is clear from state law that any future attempts at exhaustion would be futile**." *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999) (per curiam) (emphasis added).

Wilson's present petition appears to challenge his August 2019 revocation judgment in the 2014 Case and the 2017 Case, and the judgment in the 2018 Case. (*See* Doc. 1, PageID.2). As detailed above, Wilson did not directly appeal the judgment in the 2018 Case, and his attempts to challenge the August 2019 revocation judgment were dismissed either voluntarily or on procedural grounds. There is also no indication in the record that Wilson has attempted to challenge any of the subject criminal judgments on collateral review under Alabama Rule of Criminal Procedure 32, which permits an Alabama prisoner to petition "the court in which the petitioner was convicted[,"] Ala. R. Crim. P. 32.5, for appropriate relief from his conviction on a number of grounds, including that "[t]he constitution of the United States…requires a new trial, a new sentence proceeding, or other relief." Ala. R. Crim. P. 32.1(a). Alabama Rule 32 is the sole mechanism under which a prisoner can collaterally attack his criminal judgment in Alabama state court. *See* Ala. R. Crim. P. 32.4 ("A proceeding under this rule displaces all post-trial remedies except post-trial motions under Rule 24 and appeal."). Because Wilson has not "invok[ed] one complete round of the State's established appellate review process,"

*O'Sullivan*, 526 U.S. at 845, either by direct appeal or under Alabama Rule 32, he has failed to exhaust the claims in his habeas petition.

Subject to inapplicable exceptions, an Alabama prisoner must file an Alabama Rule 32 petition no later than the following: "(1) In the case of a conviction appealed to the Court of Criminal Appeals, within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala. R. App. P.; or (2) in the case of a conviction not appealed to the Court of Criminal Appeals, within one (1) year after the time for filing an appeal lapses…" Ala. R. Crim. P. 32.2(c). Wilson did not appeal the judgment in the 2018 Case, and the last day to do so was November 20, 2019, 42 days after his October 9, 2019 sentencing. *See* Ala. R. App. P. 4(b)(1). In his appeal of the August 2019 revocation judgment, the Court of Criminal Appeals issued its certificate of judgment on October 25, 2019.

Accordingly, the deadline for Wilson to petition for relief under Alabama Rule 32 has not lapsed for either judgment, and Wilson will still have ample time file an Alabama Rule 32 petition challenging those judgments as of the date of entry of this recommendation, by which he might then exhaust the present habeas claims. Accordingly, because it is not "clear from state law that any future attempts at exhaustion would be futile[,]" *Bailey*, 172 F.3d at 1305, Wilson's unexhausted claims are not procedurally defaulted at this time, and the present petition is due to be

dismissed without prejudice so that Wilson can exhaust his claims through one complete round of state court review.[7]

### C.     Certificate of Appealability

In actions such as this one brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C.A. § 2253(c)(1)(A).

Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003)

---

[7] Wilson, however, should be mindful of the one-year statute of limitations that applies to bringing federal habeas petitions. *See* 28 U.S.C. 2244(d)(1). While "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" tolls the limitations period, 28 U.S.C. § 2244(d)(2), "the filing of a petition for habeas corpus in federal court **does not** toll the statute of limitations…" *Rhines v. Weber*, 544 U.S. 269, 274-75 (2005) (emphasis added).

(quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337.

Upon consideration, the undersigned finds that Wilson should be **DENIED** a Certificate of Appealability in conjunction with the dismissal of the present habeas petition, as reasonable jurists would at least not find it debatable whether the Court was correct in its procedural ruling dismissing Wilson's petition for failure to exhaust.[8]

### D.     Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith.  It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that

---

[8]     Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.
   Should this Court deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000).

In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, it is clear that Wilson has failed to exhaust his state court remedies prior to bringing the present habeas petition. Accordingly, the undersigned **RECOMMENDS** the Court certify that any appeal by Wilson in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[9]

### III.   *Conclusion & Recommendations*

In accordance with the foregoing analysis, it is **RECOMMENDED** that Wilson's requests for entry of default and a default judgment be **DENIED**, that

---

[9] Should the Court deny leave to appeal *in forma pauperis*, the petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

Wilson's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED without prejudice** for failure to exhaust his state court remedies, that the Court find Wilson not entitled to either a Certificate of Appealability or to appeal *in forma pauperis*, and that final judgment be entered accordingly in favor of the Respondent.

**DONE** this the 3rd day of September 2020.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.